IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL JOSEPH JAMISON, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 15-223
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since October 1, 2004.[1] (ECF No. 7-8, pp. 12, 17). Administrative Law Judge ("ALJ"), David F. Brash, held a video hearing on January 10, 2014. (ECF No. 7-3, pp. 19-62). On May 23, 2014, the ALJ issued an unfavorable decision finding Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 47-62).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.

---

[1] At a hearing, Plaintiff's attorney amended the alleged onset date to April 1, 2009. (ECF No. 7-3, p. 68).

1

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  **Plaintiff's Mental Residual Functional Capacity (RFC)**[2]

Plaintiff argues that the ALJ's decision is not supported by the medical evidence of record. (ECF No. 10, pp. 14-18). In support of the same, Plaintiff argues that the ALJ erred by "not adopting any medical opinion regarding the Plaintiff's mental health limitations, and instead rendering his own lay opinion," in formulating the RFC. (ECF No. 10, p. 14). As such, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and remand is appropriate. *Id.* at p. 20. After a review of the record, I agree.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor.  20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

In this case, the ALJ gave little weight to all mental health opinion evidence, including the opinions of the treating doctors, the state agency examiner and the consulting examiner. (ECF No. 7-2, pp. 59-60).[3] In other words, there is no other opinion evidence of record regarding Plaintiff's functional abilities upon which the ALJ could have relied upon in forming the RFC for Plaintiff. In fact, the ALJ stated that he addressed Plaintiff's social functioning difficulties in the RFC based specifically on "the mental health treatment records," rather than any mental opinion evidence. (ECF No. 7-2, p. 59). "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). After a review of the record, I am unable to determine if said RFC[4] is based on substantial evidence, since he basically rejected every mental opinion offered on Plaintiff's mental functional

---

[3] The ALJ gave some weight to the "opinion" of treating physician, Dr. Yohe, but only accepted his statement that Plaintiff's "pursuit of benzodiazepines…offers a basis for suspicion of exaggeration of symptoms." (ECF No. 7-2, p. 59). I note that the statement relied upon by the ALJ was contained within Dr. Yohe's medical treatment record and was not in Dr. Yohe's medical source opinion on Plaintiff's mental ability to function. Compare, ECF No. 7-15, pp. 62-64 with ECF No. 7-15, p. 56. So, technically, the statement is not medical opinion evidence.

The ALJ also appears to give "greater weight" to Plaintiff's Global Assessment of Functioning ("GAF") score of 58 as assessed by Dr. Fokstuen in his treatment evaluation. (ECF No. 7-2, p. 59, *citing,* No. 7-12, p. 54). GAF scores, however, do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013).

[4] The ALJ found that Plaintiff had the RFC to perform light work with a large number of very specific limitations, including, *inter alia*: "he is limited to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks; he is limited to no work-related contact with the public, only occasional and superficial interaction with co-workers, and no more than occasional supervision; and he is limited to a low stress work environment, which means no production rate pace work, but rather, goal oriented work with only occasional and routine change in work setting." (ECF No. 7-2, p. 53).

capacity. (ECF No. 8-2, pp. 29-36). Thus, I find the ALJ's opinion is not based on substantial evidence.

Consequently, remand is warranted on this basis.[5]

**C.     Vocational Expert ("VE")**

Plaintiff also argues that the ALJ's hypothetical question to the VE is not based on substantial evidence. (ECF No. 10, pp. 18-19). Since I have found that the RFC is not based on substantial evidence, the testimony from the VE simply cannot stand. Thus, I find remand is warranted on this issue as well.

An appropriate order shall follow.

---

[5] For remand purposes, I note that the ALJ rejected the opinion of the state agency doctor, Dr. Fink, because his opinion "likely result[ed] from the fact that not many of the mental health records were… available at the time of his assessment." (ECF No. 7-3, p. 60). Additionally, I point out that the ALJ gave the consulting examiner's opinion little weight on the basis that it "appears to be driven by the claimant's grave reports of hallucinations, which are not corroborated in the mental health treatment records." (ECF No. 7-2, p. 59). This reason, however, is not borne out in the record. Upon review of Dr. Zelazowski's records, I find no evidence that he placed any emphasis on Plaintiff's reports of hallucinations. He merely reported Plaintiff's report of them in the examination records and did not note it again in his opinion. (ECF No. 7-14, pp. 48-55). As a result, I am unable to find that this reason stated for rejecting this mental opinion evidence is based on substantial evidence. On remand, therefore, the ALJ may order another consultative examination, if he finds it necessary.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL JOSEPH JAMISON, )
 )
       Plaintiff, )
 )
 -vs- ) Civil Action No. 15-223
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 1st day of November, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granting and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                            BY THE COURT:

                            s/   Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge